### KAIRAIAZIEK HOLDEN v. DEWITT C. RANNEY.

*Attachment—Return of service.*

A constable's return to a writ of attachment, reciting that he had "personally attempted to serve the within attachment on the defendant by reading the same and offering a copy to him at the house of Daniel Dean, but he ran away. I could not deliver a copy to him," is not valid as a return of personal service; it does not show that the officer was actually in the presence or hearing of the defendant or that the defendant knew that he had a writ against him, or that his flight had any connection with the suit.

Error to Barry. Submitted Jan. 19. Decided Jan. 26.

REPLEVIN. Plaintiff brings error. Reversed.

*C. G. Holbrook* for plaintiff in error.

*E. W. Hewitt, James Clarke, John Carveth* and *L. E. Knappen* for defendant in error. A return of service of a writ of attachment is sufficient if it shows that the officer did all he could to effect service without committing an assault and battery and failed because of defendant's refusal to listen to the writ or receive a copy: *Slaght v. Robbins* 13 N. J. L. 340; *Story v. Ware* 35 Miss. 399; *Fuller v. Kenney* 32 Me. 334; *Orendorff v. Stanberry* 20 Ill. 89; *Davison v. Baker* 24 How. 39; *Bell v. Vincent* 7 D. & R. 233.

COOLEY, J. Mrs. Holden, the plaintiff, has replevied in this suit certain wheat grown by one Fisher, and mortgaged to her October 30, 1878. The defendant claims the same wheat under an attachment levied October 28, 1878. The first question presented by the record is whether this attachment has any validity; if not, the defendant makes out no defense whatever.

The attachment was issued October 28 and might have been served on any day not later than November 1. On October 31 the constable made return to it as follows:

"By virtue of the within attachment, I, D. C. Ranney, on the 28th day of Oct., A. D. 1878, seized the goods and chattels of the defendant, mentioned in the inventory, of which the annexed is a copy, and on the same day I served on the defendant a copy of the within attachment and of the said inventory, duly certified by me, by posting a copy on the door of defendant's house, and on the 31st day of October, A. D. 1878, I personally attempted to serve the within attachment on the defendant by reading the same and offering a copy to him at the house of Daniel Dean, but he run away. I could not deliver a copy to him.

D. C. RANNEY, *Constable*."

*Dated October 31st, 1878.*

The inventory attached described the wheat now in question as the sole property seized.

The justice treated this return as a return of personal service, and on the return day of the writ proceeded to hear and give judgment in the case, Fisher not appearing. Execution was taken upon the judgment and placed in the hands

of the defendant as constable, and he made levy upon the wheat by virtue thereof.

If it had appeared in the case that the constable, in the presence and hearing of Fisher, had attempted to make service of the attachment and inventory upon him, and that Fisher had run away in order to prevent such service being made, we might possibly agree with the justice that the very attempt sufficiently accomplished the purpose of the statutory regulations respecting service. It would then have been evident that Fisher was aware of the officer's business with him, and the court might justly go a great way in preventing Fisher taking advantage of his own wrong.

But it did not appear from the officer's return that he was ever in the presence or hearing of Fisher, or that Fisher was aware he had any writ against him, or that Fisher's running away had anything to do with the institution of the attachment suit. It is perfectly consistent with all that appears that Fisher's running off may have been wholly blameless, or if not, that he may have fled from some other writ, real or suspected, or from anything else rather than the writ now in question. The mere act of running could not prove both that Fisher knew of this writ and also that he ran because of it. It would be a most violent assumption for any court or officer thus to hold.

The justice having proceeded to judgment without authority of law, his judgment was void. The defendant having thus failed in his defense, the judgment in his favor must be reversed with costs, and a new trial ordered.

The other Justices concurred.